JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
ALLISON C. REPPOND
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Allison.Reppond@usdoj.gov

*Attorneys for the United States*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    vs.<br><br>PCPLV LLC d/b/a Pinnacle Compounding Pharmacy, Ofir Ventura, Cecelia Ventura, Brandon Jimenez, Robert Gomez, Gomez & Associates, Inc., Rock'n Rob Enterprises, Amir Shalev, D.P.M., AS Enterprises, Inc., and Ivan Lee Goldsmith, M.D.,<br><br>    Defendants. | Case No. 2:21-cv-00184-JCM-DJA<br><br>**United States' *Ex Parte* Sixth Motion to Extend the Service Deadline** |

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the United States moves the Court for a sixth order extending the United States' deadline to serve the defendants in this matter. To allow for continued settlement discussions, the United States requests an additional 90-day extension of the service deadline in this matter. The Court previously provided an initial 60-day extension of the United States' service deadline and extended the service deadline from May 3, 2021 to July 2, 2021. The Court also granted the United States' second, third, fourth, and fifth requests for additional 90-day extensions of the United States' service deadline to allow ongoing settlement discussions to continue. The United States' current service deadline is June 27, 2022.

The Court has broad discretion to provide the brief extension requested, and the United States respectfully requests this Court grant its Sixth Motion to Extend the Service Deadline in this matter.

Respectfully submitted this 23rd day of June, 2022.

JASON M. FRIERSON<br>
United States Attorney<br><br>
<u>/s/ Allison C. Reppond</u><br>
Allison C. Reppond<br>
Assistant United States Attorney

**Memorandum of Points and Authorities**

### I. Introduction

Pursuant to Rule 6(b) of the Federal Rules of Civil Procedure, the United States moves the Court for an order extending the United States' deadline to serve the defendants in this matter. The United States' service was initially extended by the Court from May 3, 2021 to July 2, 2021 on a showing of good cause. ECF 3, Ex Parte Order Granting United States' Ex Parte Motion to Extend the Service Deadline Under Rule 4(m) of the Federal Rules of Civil Procedure. The Court provided a second extension of the United States' service deadline from July 2, 2021 to September 30, 2021 on a showing of good cause. ECF 5, Ex Parte Order Granting United States' Ex Parte Second Motion to Extend the Service Deadline Under Rule 4(m) of the Federal Rules of Civil Procedure. The Court also provided a third extension of the United States' service deadline, from September 30, 2021 to December 29, 2021 on a showing of good cause. ECF 7, Ex Parte Order Granting United States' Ex Parte Third Motion to Extend the Service Deadline Under Rule 4(m) of the Federal Rules of Civil Procedure. The Court provided a fourth extension, in light of ongoing settlement discussions, and extended the deadline upon a showing of good cause from December 29, 2021 to March 29, 2022. ECF 9, Ex Parte Order Granting United States' Ex Parte Fourth Motion to Extend the Service Deadline Under Rule 4(m) of the Federal Rules of Civil Procedure. The Court provided a fourth extension, in light of ongoing settlement discussions, and extended the deadline upon a showing of good cause from March 29, 2022 to June 27, 2022. ECF 11, Ex Parte Order Granting United States' Ex Parte Fifth Motion to Extend the Service Deadline Under Rule 4(m) of the Federal Rules of Civil Procedure. The United States now requests one additional 90-day extension of the deadline to serve defendants. There is good cause for the requested extension.

Since the Court granted the prior extensions of the service deadline, the United States remained actively engaged in discussions with the defendants to determine if this matter may be resolved without the burden and expense of protracted litigation. As part of these discussions, the United States has performed a detailed evaluation of the claims and

defenses at issue in order to assess appropriate amounts of settlement authority. The United States has also conducted multiple meetings with the defendants, exchanged documents and information, engaged in substantive discussions regarding the claims at issue in this matter and the potential for settlement, and discussed settlement strategy internally based on information exchanged in various meetings and conversations between the parties. The United States anticipates confirming its final settlement strategy and authority within the next one to two weeks and, with that in mind, is in the process of scheduling additional meetings with the parties to further discuss settlement in July or early August. The United States is certain negotiations will continue forward efficiently and effectively in the coming weeks. Settlement negotiations remain ongoing and productive. As noted in the United States' first Motion to Extend the service deadline in this matter, all defendants have notice of the claims at issue and received an informal copy of the Complaint, ECF 1. The parties[1] have stated they do not oppose a sixth extension of the service deadline, as it will further facilitate settlement discussion that will potentially save the parties much time and expense.

      Thus, there is good cause to extend the service deadline in this matter for 90 days, from June 27, 2022, to September 26, 2022, to allow settlement discussions to continue without disruption. Further, even if the Court finds good cause for an extension is lacking, the Court should exercise its broad discretion to provide the brief extension requested. The United States respectfully requests this Court grant its Sixth Motion to Extend the Service Deadline in this matter.

## II. Statement of Facts and Procedural History

      This case arises from an illegal kickback scheme in which a compounding pharmacy (owned and operated by defendant PCPLV LLC d/b/a Pinnacle Compounding Pharmacy and its principals, defendants Ofir Ventura, Cecelia Ventura, and Brandon Jimenez) paid illegal kickbacks to third-party marketers (including defendants Robert Gomez and his

---

[1] The United States has been unable to engage in any substantive discussions on this issue with defendant Robert Gomez, as Mr. Gomez has made no plans to proceed with counsel. The United States has encouraged Mr. Gomez to seek counsel and has also informally provided Mr. Gomez with a copy of the Complaint.

4

businesses, Gomez & Associates, Inc., and Rock'n Rob Enterprises) and physicians (including defendants Ivan Lee Goldsmith, M.D., Amir Shalev, D.P.M., and Shalev's business, AS Enterprises, Inc.) in exchange for referral of large volumes of prescriptions to government healthcare beneficiaries for unnecessary and expensive compounded medications. *See generally* ECF 1, United States' Complaint. Two government healthcare programs, TRICARE and CHAMPVA, and their beneficiaries were targets of this scheme. *Id.*

Pinnacle billed TRICARE and CHAMPVA millions of dollars for compounded prescription medications by Pinnacle. ECF 1 at ¶¶ 88–93. TRICARE and CHAMPVA, believing the prescription claims to be legitimate, based in a proper physician-patient relationship, medically necessary for their beneficiaries, and not based in an illegal kickback scheme, paid the claims submitted by Pinnacle. *Id.* The United States filed suit on February 2, 2021 on behalf of TRICARE and CHAMPVA. The United States now seeks recovery of damages incurred through payment of these false and fraudulent claims. *See generally* ECF 1.

Prior to filing suit, the United States contacted counsel for the defendants and informed them while the United States would be filing suit to preserve the United States' claims under the applicable statute of limitations, the United States also invited the defendants to engage in early discussions toward a resolution of this matter. Those discussions have since commenced and have been productive.

To promote continued settlement discussions, the United States filed its first Motion to Extend the service deadline in this matter on April 23, 2021, seeking an extension of the United States' service deadline under Federal Rule of Civil Procedure 4(m). *See generally* ECF 2, United States' Ex Parte Motion to Extend the Service Deadline Under Rule 4(m) of the Federal Rules of Civil Procedure. Under Rule 4(m), the United States' initial deadline to serve the defendants was May 3, 2021. The Court granted a 60-day extension of the service deadline, extending the deadline for service to July 2, 2021. ECF 3. Those settlement discussions remained productive, so the United States sought four additional 90-

day extension of the service deadline, which the Court granted. ECF 5, 7, 9, 11. The United States' current service deadline is June 27, 2022.

While the parties remain engaged in discussions focused on a resolution of this matter, the United States expects those discussions will not conclude before the current June 27 service deadline. The United States has met with the various defendants, exchanged documents and information, and discussed settlement via e-mail and phone conversations. The United States is also actively engaged in internal discussions regarding final settlement strategy and authority and anticipates settlement discussions will proceed efficiently and effectively throughout the coming weeks, including through meeting the United States is coordinating with the various defendants to occur by mid-July or early August. These discussions continue to present day and continue to be productive. Though the United States expects all defendants can be served by June 27, the United States asks for additional time to complete service in order to facilitate continued settlement discussions with the various defendants.

### III. Points and Authorities

#### A. Good Cause Exists to Support a 90-Day Extension of the United States' Service Deadline in This Matter.

Generally, a plaintiff must serve defendants with summons within 90 days of the filing of the Complaint. Fed. R. Civ. P. 4(m). Rule 6(b) of the Federal Rules of Civil Procedure allows a party to seek an extension of any applicable deadline via motion and upon a showing of good cause for the extension. Thus, if the plaintiff shows good cause for an extension of the service deadline, "the court *must* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added). After the plaintiff establishes good cause, the court has no discretion to deny an extension of the service deadline. *Id.*; *Efaw v. Williams*, 473 F.3d 1038, 1040 (9th Cir. 2007). Plaintiffs in need of an extension of the service deadline are encouraged to seek relief from the court before the service deadline has expired where possible. *See* Fed. R. Civ. P. 6(b); *see also Mendez v. Elliot*, 45 F.3d 75, 79 (4th Cir. 1995).

"In the ordinary course, a litigant who seeks an extension of time must show good cause for the desired extension." *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, ; Inc.*, 730 F.3d 23, 27 (1st Cir. 2013). "If good cause is present, the district court must extend time for service and the inquiry is ended." *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995). The meaning of good cause in this context does not include mistakes of counsel or a desire to amend the complaint in a particular action. *Fimbres v. United States*, 833 F.2d 138, 139 (9th Cir. 1987).

The analysis of whether good cause supports extension of the service deadline is an equitable one that focuses on the totality of the circumstances. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). A court's response to requests to extend service "should be consistent with the trend towards flexibility under [Federal] Rule 4(m)" *See United States v. 2,164 Watches, More or Less Bearing a Registered Trademark of Guess?, Inc.*, 366 F.3d 767, 772 (9th Cir. 2004). Courts commonly consider three factors in determining whether good cause exists, including (1) the reasonableness of plaintiff's efforts to serve, (2) prejudice to the defendant by lack of timely service, and (3) whether plaintiff moved for an enlargement of time to serve. *See MCI Telecomm. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3rd Cir. 1995) (citing *United States v. Nuttall*, 122 F.R.D. 163, 166–67 (D. Del. 1988)). "A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed." *Boudette*, 923 F.2d at 756. Ultimately, "when a plaintiff has offered an explanation for noncompliance with the rule which could support a finding of "good cause," the absence of prejudice to the defendant is a factor that ought to be considered in assessing whether the explanation offered justifies relief." *Floyd v. United States*, 900 F.2d 1045, 1049 (7th Cir. 1990).

The United States seeks a sixth extension of the service deadline for the sake of ongoing discussions focused on resolving this matter, not as a result of any neglect or mistake. The United States has elected not to serve the defendants to date in hopes of

resolving most or all of the claims at issue and bringing an early end to this litigation. To that end, the United States has held several meetings with the defendants, exchanged documents and information with them, maintained continuous communication via e-mail and phone with the defendants, and engaged in internal discussions focused on settlement strategy based on information exchanged in various meetings and conversations between the parties. The United States has also conducted a detailed evaluation of the claims and potential at issue to ensure it proceeds forward with an effective and reasonable settlement strategy. These discussions and evaluations are all ongoing, and the United States anticipates settlement discussions will continue efficiently and effectively in the coming weeks once it confirms final settlement strategy and authority. The United States is also in the process of scheduling additional settlement-focused meeting with the defendants to occur by mid-July or early August. Once service has occurred in this matter, a variety of deadlines fall into place, including answer deadlines and various early motion deadlines. This will increase expense to all parties and potentially disrupt early settlement efforts.

Further, the defendants have received notice of this lawsuit, were well aware of the nature of the claims prior to filing, and will not be prejudiced by an additional extension of the service deadline. To the contrary, all parties agree they will benefit from an extension of the service deadline to allow for continued early settlement discussions. As there is good cause to extend the service deadline, the Court should grant the United States' Sixth Motion to Extend and provide a brief, 90-day extension of the service deadline in this matter.

    **B.    Even Assuming *Arguendo* the Court Finds a Lack of Good Cause, the Court Should Exercise Its Discretion to Provide a Permissive Sixty-Day Extension of the United States' Service Deadline.**

Even in the event the Court finds a lack of good cause to support a brief extension of the United States' service deadline, the Court still has broad discretion to provide an extension of the service deadline. *See 2,164 Watches*, 366 F.3d at 772 ("We have previously held that district courts have broad discretion under [Federal] Rule 4(m) to extend time for service even without a showing of good cause."). This principle reflects the idea that

8

"service of process is more flexible than it once was." *Id.* (internal quotation marks and citation omitted). A court's response to a plaintiff's request for additional time to serve the defendants should reflect this flexibility. *See id.* If the plaintiff establishes "exclusable neglect" on the part of the plaintiff, the court should provide a permissive extension of the service deadline. *Hoffman v. Red Wing Brands of Am., Inc.*, No. 3:13–CV–00633–LRH–VPC, 2014 WL 4636349, at *4 (D. Nev. Sept. 16, 2014).

The court may consider four factors in determining whether a permissive extension of the service deadline is appropriate: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Harco Nat'l Ins. Co. v. Ackerman*, No. 2:20-cv-01208-RFB-BNW, 2020 WL 6785934, at *2 (D. Nev. Nov. 17, 2020). In determining whether an extension of the service deadline is appropriate, the district court should particularly consider the prejudice that will result to the parties to the action if an extension is (or is not) provided. *See 2,164 Watches*, 366 F.3d at 772. A lack of prejudice to the defendants may "tip the scale" in favor of an extension of the service deadline. *See MCI Telecomm. Corp.*, 71 F.3d at 1097.

The defendants will not suffer prejudice by an additional brief extension of the service deadline. Rather, all parties agree they will benefit from the extension, as they can continue efforts for an early resolution of this matter and avoid unnecessary additional expense. The United States, on the other hand, would be prejudiced by a denial of this brief extension, including incurring the expense associated with serving the various defendants and potential disruption of ongoing settlement discussions. Further, a portion of the United States' claims would be barred if this matter is dismissed, despite the United States' efforts to resolve the claims at issue without unduly burdening the Court. The United States brings this Sixth Motion to Extend in good faith and for a justifiable reason, as the purpose of this Motion is to promote resolution of this matter without prolonged litigation. Finally, the United States only seeks a 90-day extension of the upcoming service deadline, which will not result in undue delay to the parties or the Court. The United States respectfully asks the

Court to grant its Motion to Extend and provide an additional 90-day extension of the service deadline.

### IV. Conclusion

Based on the above, this Court should grant the United States' *Ex Parte* Motion to Extend the Service Deadline, provide a 90-day extension of the United States' service deadline, and require service to be completed by Monday, September 26, 2022, and grant any such further relief to which the United States' may be entitled.

Respectfully submitted this 23rd day of June, 2022.

JASON M. FRIERSON
United States Attorney

*/s/ Allison C. Reppond*
Allison C. Reppond
Assistant United States Attorney

### Certificate of Service

I hereby certify that on June 23, 2022, I electronically filed the foregoing **United States' Ex Parte Sixth Motion to Extend the Service Deadline** with the Clerk of the Court for the United States District Court for the District of Nevada using the CM/ECF system

Dated this 23rd day of June, 2022.

*/s/ Allison C. Reppond*
Allison C. Reppond
Assistant United States Attorney
United States Attorney's Office

JASON M. FRIERSON
United States Attorney
Nevada Bar No. 7709
ALLISON C. REPPOND
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
(702) 388-6336
Allison.Reppond@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PCPLV LLC d/b/a Pinnacle Compounding Pharmacy, Ofir Ventura, Cecelia Ventura, Brandon Jimenez, Robert Gomez, Gomez & Associates, Inc., Rock'n Rob Enterprises, Amir Shalev, D.P.M., AS Enterprises, Inc., and Ivan Lee Goldsmith, M.D.,<br><br>　　　　Defendants. | Case No. 2:21-cv-00184-JCM-DJA<br><br>**United States' *Ex Parte* Sixth Motion to Extend the Service Deadline** |

　　　　The Court having considered the United States' *Ex Parte* Sixth Motion to Extend the service deadline, and good cause having been shown, it is ORDERED that:

　　　　(1) The motion is GRANTED; and

11

(2) The United States has up to and including September 26, 2022, to serve the defendants named in the Original Complaint [ECF 1].

Respectfully submitted this 23rd day of June, 2022

JASON M. FRIERSON
United States Attorney

*/s/ Allison Reppond*
Allison Reppond
Assistant United States Attorney

IT IS SO ORDERED:

DATED this __24th__ day of June 2022.

_____
United States District Magistrate Judge