SUE FAHAMI
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515
Nevada Bar No. 5634

SUMMER A. JOHNSON
Assistant United States Attorney
CHRISTIAN R. RUIZ
Assistant United States Attorney
U.S. Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Fax: (702) 388-6787
Summer.Johnson@usdoj.gov
Christian.Ruiz@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>PCPLV LLC d/b/a Pinnacle Compounding Pharmacy, Ofir Ventura, Cecelia Ventura, Brandon Jimenez, Robert Gomez, Gomez & Associates, Inc., Rock'n Rob Enterprises, Amir Shalev, D.P.M., AS Enterprises, Inc., and Ivan Lee Goldsmith, M.D.,<br><br>Defendants. | Case No. 2:21-cv-00184-GMN-DJA<br><br>**Stipulation Regarding Disclosure of Privileged Information Pursuant to Federal Rule of Evidence 502(e)** |

Plaintiff United States of America and Defendants PCPLV LLC d/b/a Pinnacle Compounding Pharmacy, Ofir Ventura, Cecelia Ventura, Brandon Jimenez, Robert Gomez, Gomez & Associates, Inc., Rock'n Rob Enterprises, Amir Shalev, D.P.M., AS Enterprises, Inc., and Ivan Lee Goldsmith, M.D., by and through their respective counsel, have jointly agreed to the terms of the following Stipulation Regarding Diclosure of Privileged Information Pursuant to Federal Rule of Evidence Rule 502(e), and with the Court being fully advised as to the same, it is hereby ORDERED:

/ / /

### A. Purpose and Scope

The United States, in the interest of facilitating settlement discussions, may provide Defendants with information or materials that could otherwise be subject to the attorney-client privilege, attorney work-product protection, or other applicable privileges ("Privileged Information").

Such disclosure is made solely in connection with compromise negotiations in this litigation, and both the settlement discussions and the disclosed materials themselves shall be treated as compromise communications subject to Federal Rule of Evidence 408.

The parties agree, and the Court so orders, that such disclosure is made solely for purposes of settlement in this litigation and does not constitute a waiver of any privilege or protection in this proceeding or in any other federal or state proceeding. Nothing in this Order limits or affects the protections of Federal Rule of Evidence 502(b) with respect to inadvertent disclosure.

### B. Non-Waiver Under Rule 502(e)

Pursuant to Federal Rule of Evidence 502(e), the parties agree that the disclosure of Privileged Information by the United States to Defendants shall not operate as a waiver of attorney–client privilege, work-product protection, deliberative process privilege, investigative privilege, or any other applicable protection.

Such non-waiver applies only to the disclosed materials themselves and shall not constitute a subject-matter waiver under Rule 502(a).

### C. Use of Privileged Information

Defendants may review and use the disclosed Privileged Information solely for purposes of settlement negotiations in this litigation.

Access shall be limited to counsel of record and individuals directly engaged in the settlement negotiations. The disclosed materials shall not be copied, filed, or disclosed to any other person or entity absent further order of this Court, except as otherwise required by law.

**D.  Preservation of Rights**

The parties reserve the right to challenge the admissibility, relevance, or discoverability of any disclosed material on grounds other than waiver.

Nothing in this Order creates any entitlement to additional privileged or protected materials, nor does it limit the government's right to assert privilege or protection over any undisclosed materials.

Any dispute over the terms or applicability of this Stipulation may be presented to the Court for resolution, following the parties' satisfaction of Local Rule 26-6.

**E.  Return or Destruction**

In the event settlement discussions conclude without resolution, Defendants shall return or certify destruction of all disclosed Privileged Information within fourteen (14) days, absent further order of the Court.

Respectfully submitted this 3rd day of October 2025.

| | |
|---|---|
| E. Brent Bryson, LTD. | SUE FAHAMI<br>Attorney for the United States |
| /s/ E. Brent Bryson<br>E. BRENT BRYSON, ESQ.<br>Nevada Bar No. 4933<br>*Attorney for Defendant*<br>*Ivan Lee Goldsmith, M.D.* | Acting Under Authority Conferred by 28 U.S.C. § 515<br><br>/s/ Summer A. Johnson<br>SUMMER A. JOHNSON<br>CHRISTIAN R. RUIZ<br>Assistant United States Attorney<br>*Attorneys for the United States* |
| McLetchie Law Group, PLLC | Brown, Brown & Premsrirut |
| /s/ see attached signature<br>LISA A. RASMUSSEN, ESQ.<br>Nevada Bar No. 7491<br>*Counsel for Defendants Amir Shalev, D.P.M., & AS Enterprises, Inc.* | /s/ David T. Brown<br>DAVID T. BROWN, ESQ.<br>Nevada Bar No. 006914<br>*Counsel for Defendants Robert Gomez, Gomez & Associates, Inc., and Rock'n Rob Enterprises* |

### D. Preservation of Rights

The parties reserve the right to challenge the admissibility, relevance, or discoverability of any disclosed material on grounds other than waiver.

Nothing in this Order creates any entitlement to additional privileged or protected materials, nor does it limit the government's right to assert privilege or protection over any undisclosed materials.

Any dispute over the terms or applicability of this Stipulation may be presented to the Court for resolution, following the parties' satisfaction of Local Rule 26-6.

### E. Return or Destruction

In the event settlement discussions conclude without resolution, Defendants shall return or certify destruction of all disclosed Privileged Information within fourteen (14) days, absent further order of the Court.

Respectfully submitted this ___ th day of September 2025.

E. Brent Bryson, LTD.

/s/
E. BRENT BRYSON, ESQ.
Nevada Bar No. 4933
*Attorney for Defendant*
*Ivan Lee Goldsmith, M.D.*

SUE FAHAMI
Attorney for the United States
Acting Under Authority Conferred by 28 U.S.C. § 515

/s/
SUMMER A. JOHNSON
CHRISTIAN R. RUIZ
Assistant United States Attorney
*Attorneys for the United States*

McLetchie Law Group, PLLC

/s/
LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
*Counsel for Defendants Amir Shalev, D.P.M.,*
*& AS Enterprises, Inc.*

Brown, Brown & Premsrirut

/s/
DAVID T. BROWN, ESQ.
Nevada Bar No. 006914
*Counsel for Defendants Robert Gomez, Gomez*
*& Associates, Inc., and Rock'n Rob Enterprises*

Gregor Wynne Arney, PLLC

/s/ *Michael Wynne*
MICHAEL JOHN WYNNE
JAMES LEE TURNER
CAMERON POWELL
*Admitted Pro Hac Vice*

PETER S. CHRISTIANSEN, ESQ.
WHITNEY J. BARRETT, ESQ.
Christiansen Trial Lawyers
*Attorneys for Defendants PCPLV LLC, Ofir Ventura, and Cecilia Ventura, and Brandon Jimenez*

WhizBat
Nevada Bar No. 13662

By /s/ *Michael V. Cristalli, Esq.*
MICHAEL V. CRISTALLI, ESQ.
*Attorney for Defendant Brandon Jimenez*

**IT IS SO ORDERED.**

**Dated:** 10/6/2025

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE