**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| United States of America, | Case No. 2:21-cv-00184-GMN-DJA |
| Plaintiff, | |
| v. | **Order** |
| PCPLV LLC dba Pinnacle Compounding Pharmacy; et al., | |
| Defendants. | |

Before the Court are two of the Plaintiff United States' motions to extend time to respond to the Pharmacy Defendants'[1] discovery requests (ECF Nos. 144, 147), the Pharmacy Defendants' motion for order to show cause (ECF No. 146), Plaintiff's motion to extend time to respond to the motion for order to show cause (ECF No. 151), and Plaintiff's motion to extend discovery (ECF No. 157). The Pharmacy Defendants have vehemently opposed each of Plaintiff's motions to extend. No other Defendant[2] has opposed those motions. Because the Court finds that Plaintiff has shown good cause for its requested extensions, it grants Plaintiff's motions to extend. Because the Pharmacy Defendants' motion for an order to show cause does not demonstrate that Plaintiff violated a Court order, the Court denies it.

**I.    Plaintiff's motions to extend time to respond to discovery (ECF Nos. 144, 147).**

Plaintiff has filed two motions to extend its deadline to respond to discovery requests propounded by the Pharmacy Defendants on December 17, 2025. (ECF Nos. 144, 147). Its responses were initially due January 16, 2026, with substantial completion of its rolling

---

[1] The Pharmacy Defendants include PCPLV LLC dba Pinnacle Compounding Pharmacy; Ofir Ventura; Cecilia Ventura; and Brandon Jimenez.

[2] The remaining Defendants include Robert Gomez; Gomez & Associates, Inc.; Rock'n Rob Enterprises; Amir Shalev; AS Enterprises, Inc.; and Ivan Lee Goldsmith.

production of documents due April 16, 2026.  (ECF No. 158-1) (Pharmacy Defendants' first set of requests for production specifying that rolling production was to begin within thirty days and be substantially complete within 120 days); (ECF No. 158-2) (Pharmacy Defendants' first set of interrogatories); (ECF No. 158-3) (Pharmacy Defendants' first set of requests for admission).  On January 16, 2026, Plaintiff moved for an extension until February 15, 2026, which extension the Court granted.  (ECF No. 143).  Given the age of the case and the Pharmacy Defendants' vehement objection, the Court informed the parties that it would closely scrutinize future extension requests.  (*Id.*).

Plaintiff moved for a fourteen-day extension on February 17, 2026.[3]  (ECF No. 144).  It sought until March 3, 2026, to respond to the Pharmacy Defendants' requests.  (*Id.*).  It explained that it needed to meet and confer with the Pharmacy Defendants on certain topics, that it had identified substantial responsive material that it needed time to properly review and produce, and that given its heavy immigration caseload its counsel lacked the resources to meet the deadline.  (*Id.*).  The Pharmacy Defendants vigorously opposed the motion, arguing that Plaintiff should have found the additional responsive information sooner and that the influx of immigration cases is not a justification for its delay.  (ECF No. 145).

On March 10, 2026, Plaintiff moved for an extension until April 10, 2026, to respond to the Pharmacy Defendants' requests.  (ECF No. 147).  It explained that it had produced significant documents, but that it had experienced a change in counsel.  (*Id.*).  It also explained that its current counsel had training obligations that required him to be out of the office.  (*Id.*).  The Pharmacy Defendants opposed the motion, asserting that the delay is prejudicial given the age of the case and requesting case terminating sanctions as a remedy.  (ECF No. 152).

The Court has closely considered both sides' arguments and finds that Plaintiff's position is more persuasive.  While Plaintiff was unable to meet certain of its extended deadlines, the Court finds that it has shown good cause for this failure.  *See* Fed. R. Civ. P. 6(b).  And its extensions, albeit spanning multiple months, are commensurate with the volume of documents it

---

[3] Plaintiff explains that February 15, 2026, was a Sunday.

has produced, the amount of review required, and the allocation of office resources that it has described.  Moreover, its extension requests were within the timeline that the Pharmacy Defendants had envisioned—by April 16, 2026—for Plaintiff to substantially produce its documents.  While the Court recognizes the Pharmacy Defendants' desire to move this case forward, it does not find the prejudice of the delay they are experiencing related to these discovery requests to warrant denying the Untied States' motions or to justify case ending sanctions.[4]  The Court therefore grants Plaintiff's motions *nunc pro tunc* given Plaintiff's assertion that it has since produced its responses to the Pharmacy Defendants' discovery requests.  (ECF No. 157).

### II.    The Pharmacy Defendants' motion for order to show cause (ECF No. 146).

The Pharmacy Defendants move the Court to order Plaintiff to show cause why it should not be held in contempt for its failure to meet the Court's extended production deadline of February 15, 2026, and for producing documents to the Pharmacy Defendants that are primarily the Pharmacy Defendants' own records.  (ECF No. 146).  Goldsmith filed a non-opposition to the motion.  (ECF Nos. 148, 149).  Plaintiff responded that it has produced substantial document productions in accordance with what it believed were the parties' agreements on timing[5] and has sought an extension of the February 15, 2026, deadline.  (ECF No. 154).  It adds that the documents it produced are necessarily the Pharmacy Defendants' own records because that is precisely what the Pharmacy Defendants sought in their requests for production of documents underlying Plaintiff's investigation.  (*Id.*).  The Pharmacy Defendants did not file a reply.

Under 18 U.S.C. § 401, "[a] court of the United States shall have power to punish by fine or imprisonment, or both, at its discretion, such contempt of its authority, and none other, as…[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command."  Civil contempt consists of a party's disobedience to a specific and definite court order by failure

---

[4] The Pharmacy Defendants did not file a separate motion for this relief.  *See* LR IC 2-2(b).

[5] Counsel for Plaintiff asserts that during the parties' meet and confers he believed that the Pharmacy Defendants' counsel had agreed to him producing documents on March 6, 2026, with written responses by March 10, 2026.  (ECF No. 155).

to take all reasonable steps within the party's power to comply. *GoVideo, Inc. v. Motion Picture Ass'n of Am.*, 10 F.3d 693, 695 (9th Cir. 1993). The contempt need not be willful and there is no good faith exception to the requirement of obedience to a court order. *Id.* But a person should not be held in contempt if his action appears to be based on a good faith and reasonable interpretation of a court's order. *Id.* The party alleging contempt must demonstrate the alleged contemnor violated the court's order by clear and convincing evidence. *Id.*

Sanctions for civil contempt may be imposed to coerce obedience to a court order, or to compensate the party pursuing the contempt action for injuries resulting from the contemptuous behavior, or both." *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). "Compensatory awards are limited to actual losses *sustained as a result of the contumacy*." *Id.* (emphasis in original) (internal quotations omitted). The civil contempt power of a magistrate judge is governed by 28 U.S.C. § 636(e), which provides as follows:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.

*See* 28 U.S.C. § 636(e)(6)(B).

Here, it is not clear to the Court that Plaintiff failed to comply with a Court order such that contempt is justified. Plaintiff sought, and obtained, an extension to respond to discovery. (ECF No. 143). When that deadline expired, it sought another extension. (ECF No. 144). This is a common practice in this district and was not an unreasonable request. Moreover, the Court has granted that request. Additionally, the Pharmacy Defendants did not address Plaintiff's argument that it produced the Pharmacy Defendants' own documents in response to discovery because that is what the Pharmacy Defendants' request sought. And the Court does not find the Pharmacy Defendants' assertion that doing so was improper to be sufficient clear and convincing evidence that Plaintiff violated a Court order. So, the Court denies the Pharmacy Defendants' motion for order to show cause.

///

**III.    Plaintiff's motion to extend time to respond to Pharmacy Defendants' motion for order to show cause (ECF No. 151).**

Plaintiff sought a nine-day extension to respond to the Pharmacy Defendants' motion for an order to show cause.  (ECF No. 151).  It explained that its counsel was completing training and so would be unable to timely respond.  (*Id.*).  The Pharmacy Defendants objected on the basis of prejudice.  (ECF No. 152).  The Court finds that Plaintiff has shown good cause for the extension and grants it *nunc pro tunc*.  *See* Fed. R. Civ. P. 6(b).

**IV.    Plaintiff's motion to extend discovery (ECF No. 157).**

Plaintiff moves to extend discovery by sixty days.  (ECF No. 157).  In its motion, it points out that each party but the Pharmacy Defendants agreed to the extension.  (*Id.*).  It further explains that it now has new counsel who is relatively new to the office and needs time to become familiar with the matter.  (*Id.*).  It adds that it still requires time to propound its own discovery requests and that the Defendants have yet to take depositions.  (*Id.*).  It further points out that it has since responded to the Pharmacy Defendants' discovery requests.  (*Id.*).  The Pharmacy Defendants oppose and argue that Plaintiff's responses to its discovery requests are insufficient and that it is Plaintiff's failure to produce documents or propound discovery requests that have resulted in Defendants not conducting depositions.  (*Id.*).  The Pharmacy Defendants further argue that continuous changes of counsel cannot justify the delay Plaintiff has demonstrated in this case.  (*Id.*).

The Court finds that Plaintiff has shown good cause for the relatively brief extension it seeks.  *See* Fed. R. Civ. P. 16(b)(4).  The Court does not find that Plaintiff has unduly delayed and is persuaded by the fact that no other party has opposed the extension request but the Pharmacy Defendants.  The Court does not find the Pharmacy Defendants' arguments regarding Plaintiff's production to constitute a reason to deny the request.  The Court therefore grants the motion and extends discovery.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's motions to extend time (ECF Nos. 144, 147, 151, 157) are **granted.** The below deadlines shall govern discovery:

Discovery cutoff:               July 10, 2026

Dispositive motions:          August 7, 2026

Pretrial order:                    September 8, 2026[6]

**IT IS FURTHER ORDERED** that the Pharmacy Defendants' motion for an order to show cause (ECF No. 146) is **denied.**

DATED: June 1, 2026,

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

---

[6] Under Local Rule 26-1(b)(5), if dispositive motions are filed, the deadline for filing the joint pretrial order will be suspended until thirty days after decision on the dispositive motions or further court order.